UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DUSTIN BROWN, individually and on behalf of all others similarly situated, <br><br> v. <br><br> VJR ENTERPRISE, LLC; JEFFERSON ENTERPRISE MANAGEMENT, LLC; JEFFERSON FABRICATION, LLC f/k/a ALLEGIANT INDUSTRIAL, LLC; JEFFERSON HOLIDAY ISLAND, LLC f/k/a ALLEGIANT INDUSTRIAL ISLAND PARK, LLC f/k/a ALLEGIANT ISLAND PARK; ALLEGIANT COMPANIES, LLC; ALLEGIANT COMPANIES MANAGEMENT, LLC; ALLEGIANT FIELD SERVICES, LLC; ALLEGIANT GROUP HOLDINGS, LLC; RONALD BYRON YAWN; and PAYCHEX PEO IX LLC | **Case No. 4:24-cv-01963** <br> FLSA Collective Action <br><br><br><br><br><br><br><br><br><br><br><br><br><br> Jury Trial Demanded |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Since at least September 2023, Defendants have failed to pay their employees on time and in full for all work performed.

2. As a result, Defendants' workers have not been paid on time, if at all, for the full amounts they were owed under federal law for all hours worked, including overtime and minimum wages.

3. Dustin Brown is one such worker for Defendants.

4. Defendants' failure to pay wages, including proper overtime and minimum wages, on time and in full for all hours worked violates the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*

5. Brown worked for Defendants during this period and was affected by these pay practices, just like Defendants' other workers.

6. This action seeks to recover the unpaid wages and other damages Defendants owe Brown and other affected workers under the law, including unpaid wages, liquidated damages, penalties, interest, and other remedies provided by federal law.

## JURISDICTION & VENUE

7. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because deveral of Defendants, including VJR Enterprise, LLC and Jefferson Enterprise Management, LLC, are headquartered in this District and Division.

## PARTIES

9. **Plaintiff Dustin Brown** is a natural person.

10. Brown was, at all relevant times, an employee of Defendants.

11. Brown represents a collective of similarly situated workers under the FLSA pursuant to 29 U.S.C. § 216(b). This "FLSA Collective" is defined as:

> **All current or former employees of the Allegiant Defendants who worked one or more hours for the Allegiant Defendants at any time from September 1, 2023, until the date judgment is entered.**

12. Throughout this Complaint, the FLSA Collective members are also referred as the "Similarly Situated Workers."

13. **Defendant VJR Enterprise, LLC** is a domestic limited liability company.

14. VJR Enterprise, LLC may be served by service upon its registered agent, **600 River Pointe Dr., Ste. 200, Conroe, TX 77304**, or by any other method allowed by law.

15. **Defendant Jefferson Enterprise Management, LLC** is a domestic limited liability company.

16. Jefferson Enterprise Management, LLC may be served by service upon its registered agent, **Alfred Salazar, 9595 Six Pines Dr., Ste. 6370, The Woodlands, TX 77380**, or by any other method allowed by law.

17. **Defendant Jefferson Fabrication, LLC** is a domestic limited liability company.

18. Jefferson Fabrication, LLC formerly did business under the name Allegiant Industrial, LLC.

19. Jefferson Fabrication, LLC may be served by service upon its registered agent, **Jefferson Enterprise Management, LLC, 9595 Six Pines Dr., Ste. 6370, The Woodlands, TX 77380**, or by any other method allowed by law.

20. **Defendant Jefferson Fabrication, LLC** is a domestic limited liability company.

21. Jefferson Fabrication, LLC formerly did business under the name Allegiant Industrial Island Park, LLC.

22. Jefferson Fabrication, LLC formerly did business under the name Allegiant Island Park.

23. Jefferson Fabrication, LLC may be served by service upon its registered agent, **Jefferson Enterprise Management, LLC, 9595 Six Pines Dr., Ste. 6370, The Woodlands, TX 77380**, or by any other method allowed by law.

24. **Defendant Allegiant Companies, LLC** is a domestic limited liability company.

25. Allegiant Companies, LLC may be served by service upon its registered agent, **Venture Vault, LLC, 600 River Pointe Dr., Ste. 200, Conroe, TX 77304**, or by any other method allowed by law.

26. **Defendant Allegiant Companies Management, LLC** is a foreign corporation.

27. Allegiant Companies Management, LLC may be served by service upon its registered agent, **Venture Vault, LLC, 600 River Pointe Dr., Ste. 200, Conroe, TX 77304**, or by any other method allowed by law.

28. **Defendant Allegiant Field Services, LLC** is a foreign corporation.

29. Allegiant Field Services, LLC may be served by service upon its registered agent, **Venture Vault, LLC, 600 River Pointe Dr., Ste. 200, Conroe, TX 77304**, or by any other method allowed by law.

30. **Defendant Allegiant Group Holdings, LLC** is a domestic limited liability company.

31. Allegiant Group Holdings, LLC may be served by service upon its registered agent, **Venture Vault, LLC, 600 River Pointe Dr., Ste. 200, Conroe, TX 77304**, or by any other method allowed by law.

32. **Ronald Byron Yawn** is a natural person who is a resident and citizen of Texas.

33. Yawn may be served by service of process upon him at **850 Pine St., Beaumont, TX 77701**, or by any other method authorized by law.

34. Throughout this Complaint, Defendants VRJ Enterprise, LLC, Jefferson Enterprise Management, LLC, Jefferson Fabrication, LLC, Jefferson Holiday Island, LLC, Allegiant Companies, LLC, Allegiant Companies Management, LLC, Allegiant Field Services, LLC, Allegiant Group Holdings, LLC, and Ronald Byron Yawn are referred to collectively as the "Allegiant Defendants."

35. At all relevant times, Yawn was an owner of one or more of the Allegiant Defendants.

36. At all relevant times, Yawn was a manager of one or more of the Allegiant Defendants.

37. At all relevant times, Yawn was a member of one or more of the Allegiant Defendants.

38. At all relevant times, Yawn exerted operational control over one or more of the Allegiant Defendants.

39. At all relevant times, Yawn was an owner of one or more of the Allegiant Defendants.

40. At all relevant times, Yawn exerted operational control over one or more of the Allegiant Defendants.

41. At all relevant times, Yawn had the authority to set pay practices for the Allegiant Defendants.

42. At all relevant times, Yawn had the authority to determine the amount paid to the Allegiant Defendants' workers.

43. At all relevant times, Yawn had the authority to determine the schedules of the Allegiant Defendants' workers.

44. At all relevant times, Yawn had the authority to hire workers for the Allegiant Defendants.

45. At all relevant times, Yawn had the authority to fire workers for the Allegiant Defendants.

46. At all relevant times, Yawn had the authority to discipline the Allegiant Defendants' workers.

47. At all relevant times, Yawn had the authority to supervise the Allegiant Defendants' workers.

48. The workers that Yawn could hire, fire, discipline, and supervise for the Allegiant Defendants included Brown.

49. At all relevant times, Yawn was responsible for paying wages to the Allegiant Defendants' workers.

50. The Allegiant Defendants own and operate approximately interrelated fabrication, recyclying, and energy companies.

51. The Allegiant Defendants operate these entities as a single integrated employer under the FLSA.

52. At all relevant times, the operation of all of the Allegiant Defendants' entities was and is interrelated.

53. At all relevant times, the Allegiant Defendants operated for a common business purpose, to provide related products and services to their customers.

54. At all relevant times, the Allegiant Defendants had centralized/shared back-office operations, including but not limited to human resources, accounting, marketing, risk management, financial operations, and legal compliance.

55. At all relevant times, the Allegiant Defendants exerted operational control over one another, and each of their subsidiaries and alter egos.

56. At all relevant times, the Allegiant Defendants substantially controlled the terms and conditions of employment for workers of one another, and each of their subsidiaries and alter egos.

57. At all relevant times, the Allegiant Defendants had a common control and management of labor relations regarding employees of one another, and each of their subsidiaries and alter egos.

58. **Defendant Paychex PEO IX, LLC** ("Paychex") is a foreign limited liability company.

59. Paychex may be served by service upon its registered agent, **CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201**, or by any other method allowed by law.

60. At all relevant times, Paychex had the authority to set pay practices for the Allegiant Defendants.

61. At all relevant times, Paychex had the authority to determine the amount paid to the Allegiant Defendants' workers.

62. At all relevant times, Paychex was responsible for paying wages to the Allegiant Defendants' workers.

63. Defendants employed and/or jointly employed Brown and the Similarly Situated Workers.

64. Defendants are joint employers for purposes of the FLSA.

### COVERAGE UNDER THE FLSA

65. At all relevant times, Defendants were employers of Brown within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

66. At all relevant times, Defendants were and are employers of the FLSA Collective members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

67. At all relevant times, Defendants were and are part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

68. During at least the last three years, Defendants have had gross annual sales in excess of $500,000.

69. At all relevant times, Defendants were and are part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

70. Defendants employ many workers, including Brown, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

71. The goods and materials handled, sold, or otherwise worked on by Brown and other of Defendants' employees and that have been moved in interstate commerce include, but are not limited to, construction equipment and other industrial materials.

## FACTS

72. The Allegiant Defendants own and operate approximately interrelated fabrication, recyclying, and energy companies.

73. The Allegiant Defendants retained the services of Paychex to act as a professional employer organization.

74. Since at least September 2023, Defendants have not paid employees for all hours worked, including overtime and minimum wages, on time, if at all, for their work on the pay date the wages were due.

75. Since at least September 2023, Defendants have consistently failed to pay Brown and Similarly Situated Workers for all hours worked, including overtime and minimum wages, on time and in full all for their work.

76. Many employees were not paid for all their overtime and minimum wages for hours worked on the dates these wages were due.

77. Brown is one of the many employees of Defendants affected by these pay practices.

78. Brown worked for Allegiant during and after September 2023.

79. Brown worked over 40 hours during one or more weeks during and after September 2023.

80. For example, Brown worked over 40 hours during the week of September 11, 2023.

81. But Brown was not paid the proper overtime premium for all hours worked on time, if at all, for time worked during pay periods since August 2023.

82. And during many or most pay periods, Brown was not paid at least the minimum wage for all hours worked on time, if at all.

83. Instead of paying Brown for the hours he actually worked (including minimum wage and overtime), Defendants failed to pay Brown for his actual hours worked and at his regular rates of pay, on time and in full, in multiple workweeks.

84. In properly calculating and paying overtime to a non-exempt employee, the only metrics that are needed are: (1) the number of hours worked in a day or week, and (2) the employee's regular rate, taking into account shift differentials, non-discretionary bonuses, and other factors allowed under the law.

85. Defendants know they have to pay proper overtime premiums to non-exempt hourly and salaried employees.

86. Defendant knows this because, prior to September 2023, they routinely paid these workers for all overtime hours at the proper overtime rates.

87. Defendants know they have to pay their employees at or above the minimum wage.

88. Defendants know this because, prior to September 2023, they routinely paid these workers for all hours worked at rates at or above the minimum wage.

89. But since September 2023, Defendants have fully and timely paid employees for the time they worked, including minimum wages and overtime.

90. It was feasible for Allegiant to calculate and pay its employees the full and correct amounts of money they were owed for the work they did for the company.

91. But Defendants failed to put a competent system in place to ensure that happened.

92. Brown is just one of the many employees of Defendants who had to shoulder the burden of Defendants' payroll policies and practices.

93. In payroll cycles affected by the nonpayment period, Defendants did not timely pay Brown and other workers for their actual hours worked each week.

94. Defendants were aware of the minimum wage requirements of the FLSA.

95. Defendants nonetheless failed to pay the minimum wages that were owed to certain employees, such as Brown, on time and in full.

96. Defendants' failure to pay minimum wages to these workers constitutes a willful violation of the FLSA.

97. Defendants were aware of the overtime requirements of the FLSA.

98. Defendants nonetheless failed to pay the overtime premiums that were owed to employees, such as Brown, on time and in full.

99. Defendants' failure to pay overtime to these non-exempt workers constitutes a willful violation of the FLSA.

100. The full overtime wages owed to Brown and the Similarly Situated Workers became "unpaid" when the work for Defendants was done—that is, on Brown and the Similarly Situated Workers' regular paydays. *See, e.g.*, *Martin v. United States*, 117 Fed. Cl. 611, 618 (2014); *Biggs v. Wilson*, 1 F.3d 1537, 1540 (9th Cir.1993); *Cook v. United States*, 855 F.2d 848, 851 (Fed. Cir. 1988); *Olson v. Superior Pontiac–GMC, Inc.*, 765 F.2d 1570, 1579 (11th Cir.1985), *modified*, 776 F.2d 265 (11th Cir.1985); *Atlantic Co. v. Broughton*, 146 F.2d 480, 482 (5th Cir.1944); *Birbalas v. Cuneo Printing Indus.*, 140 F.2d 826, 828 (7th Cir.1944).

101. At the time Defendants failed to pay Brown and the Similarly Situated Workers in full for their overtime hours by their regular paydays, Defendants became liable for all prejudgment interest, liquidated damages, penalties, and any other damages owed under federal law.

102. In other words, there is no distinction between late payment and nonpayment of wages under federal law. *Biggs v. Wilson*, 1 F.3d 1537, 1540 (9th Cir.1993).

103. Any payment made by Defendants to Brown or the Similarly Situated Workers that Defendants may allege represents previously unpaid wages was not supervised by the Department of Labor or any court.

104. The untimely payment of wages owed under the FLSA does not, in itself, does not resolve a claim for unpaid wages under the law. *See, e.g.*, *Seminiano v. Xyris Enterp., Inc.*,

602 Fed.Appx. 682, 683 (9th Cir. 2015); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-54 (11th Cir. 1982).

105. Nor does the untimely payment of wages, if any, compensate workers for the damages they incurred due to Defendants' acts and omissions resulting in the unpaid or delayed wages in the first place.

106. Brown and the Similarly Situtated Workers remain uncompensated for the unpaid and delayed wages and other damages owed by Defendants under federal law.

## COLLECTIVE ACTION ALLEGATIONS

107. Numerous individuals were victimized by Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.

108. Based on his experiences and tenure with Defendants, Brown is aware that Defendants' illegal practices were imposed on the FLSA Collective.

109. The FLSA Collective members were not paid at least the minimum wage for all hours worked.

110. The FLSA Collective members were not paid their full overtime premiums on time, if at all, for all overtime hours worked.

111. These employees are victims of Defendants' respective unlawful compensation practices and are similarly situated to Brown in terms of the pay provisions and employment practices at issue in the collective in this lawsuit.

112. The workers in the FLSA Collective were similarly situated within the meaning of the FLSA.

113. Any differences in job duties do not detract from the fact that these FLSA non-exempt workers were entitled to minimum wages and/or overtime pay.

114. Defendants' failure to pay minimum wages and/or overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies, and practices, which are not dependent on the personal circumstances of the FLSA Collective members.

115. The FLSA Collective should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

### Cause of Action—Violations of the FLSA

116. Brown incorporates all other allegations.

117. By failing to pay Brown and the FLSA Collective members overtime at 1.5 times their regular rates, on time and in full, Defendants violated the FLSA. 29 U.S.C. § 207(a).

118. Defendants owe Brown and the FLSA Collective members overtime for all hours worked in excess of 40 in a workweek, at a rate of at least 1.5 times their regular rates of pay.

119. Defendants owes Brown and the FLSA Collective members the difference between the rate actually paid for overtime, if any, and the proper overtime rate.

120. Likewise, Defendants owe Brown and the FLSA Collective members their agreed-upon rates of pay for all hours worked up to and including 40 each week in which they worked over 40 hours in the week, but were not paid in full for all hours. 29 C.F.R. § 778.315.

121. By failing to pay Brown and the FLSA Collective members at least their minimum wages, on time and in full, Defendants violated the FLSA. 29 U.S.C. § 206(a).

122. Defendants owe Brown and the FLSA Collective members at least the minimum wage for all hours worked.

123. Defendants knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay Brown and the FLSA Collective members the compensation owed to them under the FLSA.

124. Because Defendants knew, or showed reckless disregard for whether, their pay practices violated the FLSA, Defendants owe these wages for at least the past three years.

125. Defendants' failure to pay compensation owed under the FLSA to Brown and the FLSA Collective members was neither reasonable, nor was the decision not to pay overtime made in good faith.

126. Because Defendants' decision not to pay wages was not made in good faith, Defendants also owe Brown and the FLSA Collective members an amount equal to the unpaid or delayed wages as liquidated damages.

127. Accordingly, Brown and the FLSA Collective members are entitled to their unpaid wages under the FLSA (including minimum wages for all hours worked, their agreed-upon wages up to 40 hours each week they worked overtime, and overtime wages in an amount equal to 1.5x their regular rates of pay), plus liquidated damages for all wages unpaid or delayed, attorney's fees, and costs.

**RELIEF SOUGHT**

Brown prays for judgment against Defendants as follows:

    a. For an order certifying a collective action for the FLSA claims;

    b. For an order finding Defendants liable for violations of federal wage laws with respect to Brown and all FLSA Collective members;

    c. For a judgment awarding all unpaid wages, liquidated damages, and penalties under federal wage laws to Brown and all FLSA Collective members;

    d. For a judgment awarding attorneys' fees to Brown and all FLSA Collective members;

e. For a judgment awarding costs of this action to Brown all FLSA Collective members;

f. For a judgment awarding pre- and post-judgment interest at the highest rates allowed by law to Brown and all FLSA Collective members; and

g. For all such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ Matthew S. Parmet*
By: _____
**Matthew S. Parmet**
TX Bar # 24069719
S.D. Tex. ID # 1076547
**PARMET PC**
2 Greenway Plaza, Ste. 250
Houston, TX 77046
phone 713 999 5228
matt@parmet.law

**Attorneys for Plaintiff**

# JURY DEMAND

Plaintiff demands a trial by jury on all issues.

*/s/ Matthew S. Parmet*
_____
**Matthew S. Parmet**